[No. 22759-2-II.    Division Two.    July 30, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. OTTO ALLEN
ROSS, JR., *Appellant*.

*David William Brown* of *Enbody & Dugaw*, for appellant (appointed counsel for appeal).

*Jeremy R. Randolph, Prosecuting Attorney*, and *Donald R. Peters, Jr., Deputy*, for respondent.

HOUGHTON, J. — Otto Allen Ross, Jr. appeals his conviction of unlawful possession of methamphetamine, arguing

that the trial court violated CrR 3.3,[1] the speedy trial rule. We reverse and remand for further proceedings.

## FACTS

On June 7, 1997, a Washington State Patrol trooper arrested Ross for driving under the influence (DUI). During a search of Ross's vehicle incident to his arrest, the trooper discovered what he believed to be methamphetamine. Ross stated that the substance was "crank," a street term for methamphetamine, and that he had ingested some of it by "snorting" it approximately two hours earlier. The trooper did not conduct a field test, but instead sent the substance to the Washington State Patrol Crime Laboratory (Laboratory) for testing.

On June 9, 1997, Ross was arraigned in district court on charges of DUI and driving while license suspended in the second degree. Ross was released on bail after his arraignment. At a pretrial conference held on June 25, 1997, the court calculated Ross's speedy trial time to expire on September 7, 1997. The district court set Ross's trial date for August 26, 1997, but Ross pleaded guilty to the driving charges on August 22, 1997.

Meanwhile, on July 18, 1997, the Laboratory had released a report stating that the substance seized from Ross's car contained methamphetamine. But the State did not file an information in the superior court charging Ross with unlawful possession of methamphetamine until September 5, 1997. At Ross's arraignment on September 25, 1997, he moved to dismiss, contending that his right to a speedy trial was violated. The trial court denied Ross's motion, finding that the delay in filing was reasonable because there was no probable cause to support the charge until the laboratory testing results were released.

---

[1]"A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment." CrR 3.3 (c)(1). If the defendant is already in custody, then the defendant must be brought to trial within 60 days.

The matter was tried to the court on stipulated facts. Ross appeals his conviction.

## ANALYSIS

Ross contends that his right to a speedy trial was violated. He asserts that the speedy trial period is the same for all charges arising from a single criminal episode, and that his driving and unlawful possession charges stem from the same June 7, 1997 conduct. The State, relying upon *State v. Fladebo*, 113 Wn.2d 388, 799 P.2d 707 (1989), counters that it had an understandable and justified reason for the delay in filing the felony charge.

Under CrR 3.3, a defendant has a right to be brought to trial for the crime charged within 90 days of his or her arraignment if the defendant is not being held in custody. The right to a speedy trial under this rule is a fundamental right. *See State v. White*, 23 Wn. App. 438, 440, 597 P.2d 420 (1979), *aff'd*, 94 Wn.2d 498 (1980); *see State v. Breaux*, 20 Wn. App. 41, 44, 578 P.2d 888 (1978) (right to prompt inquiry into criminal charges is fundamental and duty of charging authorities is to provide prompt trial). Although the court is ultimately responsible for ensuring compliance with the speedy trial rule, the State is primarily responsible for bringing the defendant to trial within the speedy trial period. *State v. Wilks*, 85 Wn. App. 303, 309, 932 P.2d 687, *review denied*, 133 Wn.2d 1002 (1997); *see State v. Jenkins*, 76 Wn. App. 378, 383, 884 P.2d 1356 (1994) (State has primary duty to see that defendant is tried in timely fashion), *review denied*, 126 Wn.2d 1025 (1995).

In bringing a defendant to trial, the right to a speedy trial imposes upon the prosecution a duty of good faith and due diligence. *State v. Stewart*, 78 Wn. App. 931, 935, 899 P.2d 1283 (1995), *aff'd*, 130 Wn.2d 351 (1996); *see State v. Anderson*, 121 Wn.2d 852, 864, 855 P.2d 671 (1993) (fundamental fairness requires that prosecuting authorities act in good faith and with due diligence in bringing a de-

fendant to trial). Thus, the failure to comply strictly with the speedy trial rule requires outright dismissal, regardless of whether the defendant shows prejudice. *State v. Ralph Vernon G.*, 90 Wn. App. 16, 20-21, 950 P.2d 971 (1998); *see State v. Teems*, 89 Wn. App. 385, 388, 948 P.2d 1336 (1997) (defendant need not show prejudice from denial of right to speedy trial), *review denied*, 136 Wn.2d 1003 (1998).

■ Finally, when multiple crimes arise from the same criminal episode, the time within which trial must begin on all crimes is calculated from the time that the defendant is held to answer any charge with respect to that episode. *State v. Peterson*, 90 Wn.2d 423, 431, 585 P.2d 66 (1978); *see also State v. Harris*, 130 Wn.2d 35, 42, 921 P.2d 1052 (1996).

In *Fladebo*, 113 Wn.2d 388, a case involving similar facts, the City of Mount Vernon brought a DUI charge in municipal court and the State brought an unlawful possession charge in superior court. But the State filed its charges 115 days after the DUI arraignment because the laboratory report was not received until after the defendant had already negotiated a plea with the prosecution for the DUI charge. *Fladebo*, 113 Wn.2d at 391. As Ross did here, the defendant in *Fladebo* moved to dismiss the unlawful possession charge for violation of her speedy trial rights under CrR 3.3 because that charge stemmed from the same underlying incident leading to the DUI charge for which the trial date had already expired.

The Supreme Court, however, rejected the defendant's argument. According to the Court, the State's delay in filing the charges was "understandable and justified" due to the unavailability of physical evidence to bring the charge, that is, the laboratory report confirming that the evidence found in the defendant's car was a controlled substance. *Fladebo*, 113 Wn.2d at 394.[2]

Here, the methamphetamine charge stemmed from the

---

[2]The defendant in *Fladebo* based her argument for a violation of speedy trial rights "solely" upon the superior court rules. *Fladebo*, 113 Wn.2d at 394. Therefore, the court's analysis in that case addressing violation of speedy trial

same alleged criminal episode involving the driving charges to which Ross pleaded guilty. Thus, the State was under an obligation to bring the defendant to trial on all charges for conduct arising from his arrest on June 7, 1997, in good faith and with due diligence. The State's decision whether to charge Ross with possession of the substance the trooper found in Ross's vehicle, however, must be based upon sufficient evidence, which under these facts required laboratory testing.

From the record before us, we cannot determine whether the State's reasons for its delay in filing the unlawful possession charge until September 5, 1997, when the laboratory report was released on July 18, 1997, were "understandable and justified." Therefore, we remand to the trial court for further proceedings consistent with the following analysis.

Here, the State was not required to file the methamphetamine charge until, in the exercise of due diligence, it had or should have had the evidence to support a charge for illegal possession of that substance. If the State chooses to delay filing an information which could result in a violation of CrR 3.3, as it did here, the defendant may move, under CrR 3.3, to dismiss for an unreasonable delay in bringing the charge. The burden then shifts to the State to show that it acted in good faith and with due diligence, that is, that its reasons for delay in filing of the methamphetamine charge were understandable and justified.

If the State demonstrates that it acted in good faith and with due diligence and its reasons were understandable and justified, the speedy trial period accrues from the date of timely arraignment—in this case, September 25, 1997. CrR 3.3(c)(1). But if the trial court finds that the State did not act in good faith or with due diligence, that is, failed to demonstrate that its reasons for the delayed methamphetamine charge were understandable and justified, the speedy trial period for the later filed charge accrues from the time

---

rights under constitutional principles does not apply here as Ross asserts a violation of speedy trial rights "solely" under CrR 3.3.

that the defendant is held to answer for any charge with respect to the underlying criminal episode.[3] *Peterson*, 90 Wn.2d at 431.

Reversed and remanded for proceedings consistent with this opinion.

MORGAN and SEINFELD, JJ., concur.

Review denied at 140 Wn.2d 1022 (2000).

---

[3]There may be a question as to when the State received the laboratory report that was released on July 18, 1997. We note that there may be some circumstances where a report is released but is not immediately received, e.g., delay in routing or filing. Nevertheless, the reasons for the delay in receipt may also indicate whether the State acted in good faith and with due diligence.