[No. 72541-1.  En Banc.]
Argued February 27, 2003.    Decided June 5, 2003.

THE STATE OF WASHINGTON, *Petitioner*, v. KIRK R. KINDSVOGEL, *Respondent*.

*Steven J. Tucker, Prosecuting Attorney*, and *Andrew J. Metts III, Deputy*, for petitioner.

*Douglas D. Phelps* and *Scott R. Staab* (of *Phelps & Associates*), for respondent.

SANDERS, J. — At the request of the State we review a Court of Appeals decision, 110 Wn. App. 750, 43 P.3d 73 (2002), which reversed Kirk R. Kindsvogel's conviction on a claimed violation of the speedy trial rule (CrR 3.3). We reverse the Court of Appeals and reinstate the conviction.

During investigation following a report of domestic violence and marijuana manufacture, police officers discovered Kindsvogel's marijuana grow operation. He was arrested and charged with fourth degree assault (domestic violence), but not charged with possession of marijuana until eight months thereafter. The Court of Appeals reversed the marijuana conviction, holding the time for trial on that charge began to run when Kindsvogel was arraigned on the assault charge. The State claims the Court of Appeals erred because the marijuana charge was unrelated to Kindsvogel's earlier prosecution for domestic violence assault and was not therefore subject to mandatory joinder of charges.

## FACTS

On May 12, 2000, Kirk Kindsvogel and his wife, Liana Kindsvogel, argued. When she tried to leave, he blocked her way. He hit her or threw his T-shirt at her before leaving the house. She called an off-duty police officer and told him her husband had assaulted her and he grew marijuana in the basement of their home. When Kindsvogel returned, the police informed him they were investigating a report of domestic violence and a marijuana grow operation. After his rights were read to him, Mr. Kindsvogel admitted he

grew marijuana in the basement and consented to a police search of his home. Ms. Kindsvogel also consented to the search and showed the police where the plants and the harvested marijuana were hidden. Officers confiscated 26 plants and 2 bags of dried marijuana. One week later, laboratory results confirmed the bags contained marijuana.

The police arrested Kindsvogel on May 12, 2000 and charged him with fourth degree assault (domestic violence), but did not charge him with possession of marijuana until January 17, 2001, four months after he pleaded guilty to disorderly conduct arising from the domestic violence arrest. He moved to dismiss before trial, arguing the State violated his rights to mandatory joinder and speedy trial. The trial court denied the motion, holding the crimes were unrelated and therefore not subject to a mandatory joinder. Kindsvogel was convicted on stipulated facts.

The Court of Appeals reversed, holding the time for trial on the marijuana charge began to run when Kindsvogel was arraigned on the assault charge. We granted review. *State v. Kindsvogel*, 147 Wn.2d 1020, 60 P.3d 92 (2002).

## STANDARD OF REVIEW

■ Application of a court rule to a particular set of facts is a question of law, subject to de novo review. *State v. Ledenko*, 87 Wn. App. 39, 42, 940 P.2d 280 (1997).

## ANALYSIS

■ As an initial matter, the State claims the Court of Appeals erred when it did not allow the State to challenge the trial court's findings of fact notwithstanding the State's failure to cross-appeal or to assign error to the challenged factual findings.

The rules on appeal provide: "A party seeking cross review must file a notice of appeal or a notice for discretionary review within the time allowed" (RAP 5.1(d)); "If a respondent is also seeking review, the brief of respondent

must state the assignments of error and the issues pertaining to those assignments of error presented for review by respondent and include argument of those issues" (RAP 10.3(b)); and "A separate assignment of error for each finding of fact a party contends was improperly made must be included with reference to the finding by number" (RAP 10.3(g)).

The prevailing party need not, however, cross-appeal a trial court ruling if it seeks no further affirmative relief. It may argue any ground to support a court's order which is supported by record. *McGowan v. State*, 148 Wn.2d 278, 60 P.3d 67 (2002).

Here the trial court entered findings of fact and conclusions of law supporting denial of Mr. Kindsvogel's motion to dismiss. In response to Kindsvogel's appeal the State claimed factual mistake,[1] but neither filed a notice of cross-appeal nor assigned error to the findings. Because the State did not seek affirmative relief, it was not required to file a notice of appeal. However the State failed to provide a separate assignment of error for each finding of fact it sought the Court of Appeals to review. It was therefore not error to refuse consideration of the State's factual challenges. Nevertheless, the State is not prejudiced by this oversight because its arguments in support of the trial court's order were not predicated on its factual challenges.[2] Moreover the facts were stipulated by the parties. *Kindsvogel*, 110 Wn. App. at 753; Clerk's Papers at 17, 25-54.

---

[1] The State argued the trial court's finding, " 'Based on the admissions, consent to search, and the items found, there was no need for further investigation' " is erroneous on its face because the State still had to conduct tests to determine whether the plants were marijuana. Br. of Resp't at 4 (Wash. Ct. of Appeals, No. 20213-5-III). It also argued the trial court's conclusion that the defendant had been prejudiced was a legal conclusion, not a finding of fact. *Id.* at 5.

[2] The State raised its factual challenges in the context of its argument that the defendant had not provided an adequate record for review. That concern was addressed when the defendant supplemented the clerk's papers with the police reports. Reply Br. of Pet'r at 1 (Wash. Ct. of Appeals, No. 20213-5-III); Clerk's Papers (CP) at 17, 25-54. Both parties stipulated to the facts contained in that report. CP at 17-18.

■■ On the merits CrR 3.3 grants a defendant out of custody the right to be brought to trial within 90 days of the arraignment, within 60 days if incarcerated. Failure to comply with the rule requires dismissal. *See, e.g., State v. Harris*, 130 Wn.2d 35, 41, 921 P.2d 1052 (1996). Where multiple charges stem from the same criminal conduct, the time for trial period begins on the date the defendant was held to answer on the first of these charges. *State v. Peterson*, 90 Wn.2d 423, 431, 585 P.2d 66 (1978). Two or more offenses must be joined if they are related. CrR 4.3.1. The purpose of the *Peterson* rule is to prevent:

> "prosecutors from harassing a defendant by bringing successive charges over a long span of time even though all charges stem from the same criminal episode. When multiple charges stem from the same criminal conduct or criminal episode, the State must prosecute all related charges within the speedy trial time limits."

*State v. Lee*, 132 Wn.2d 498, 503, 939 P.2d 1223 (1997) (quoting *Harris*, 130 Wn.2d at 43-44).

The American Bar Association (ABA) defines "related offenses" for the purpose of the defendant's right to a speedy trial as offenses "based upon the same conduct, upon a single criminal episode, or upon a common plan." ABA STANDARDS FOR CRIMINAL JUSTICE std. 13-1.2, at 13-9 (2d ed. 1980). However, *Lee* holds only offenses based upon the same conduct or conduct involving a single criminal incident or episode are related offenses. 132 Wn.2d at 502, 503. "Merely because some of the allegedly criminal activity was the same [or forms a common scheme] is not enough to conclude all the offenses are based on the same conduct." *Id.* at 505.

*Lee* cited with approval the commentary to *ABA Standards for Criminal Justice* standard 13-1.2. *Lee*, 132 Wn.2d at 504 n.2. The commentary defines "same conduct" as offenses based on the same physical act or actions. It describes a hypothetical defendant shooting a single bullet that injures more than one person as the easy case that neatly falls within the definition of same conduct. As the less certain case the *ABA Standards for Criminal Justice*

standard 13-1.2 commentary cites *People v. Knox*, 38 N.Y.2d 865, 346 N.E.2d 250, 382 N.Y.S.2d 482 (1976), in which an officer summoned to a domestic dispute placed the defendant under arrest for harassment and as he tried to restrain defendant, the latter slammed the officer's hand against a faucet in the kitchen sink. ABA STANDARDS FOR CRIMINAL JUSTICE, *supra*, at 13-9. The distinction between these examples seems to lie with the close logical and temporal proximity of the events.

This case is not close. Fourth degree assault and possession of marijuana do not involve the same physical acts or actions. The actions underlying the two charges had different purposes and did not involve the same victim or victims. The alleged assault, which gave rise to Kindsvogel's conviction for disorderly conduct, involved actions directed at Ms. Kindsvogel for the purpose of harming her or putting her in apprehension of harm. The possession charge involved the custody or control of 26 marijuana plants for its own sake—no victim was involved.

The *ABA Standards for Criminal Justice* standard 13-1.2 commentary limits the acts that constitute a "single criminal episode" to offenses which occur in close proximity of time and place, where proof of one offense necessarily involves proof of the other. *Id.* at 13-10. To prove unlawful possession of a controlled substance the State must prove the nature of the substance and the fact of the defendant's possession. RCW 69.50.401(d); *State v. Staley*, 123 Wn.2d 794, 798, 872 P.2d 502 (1994). To prove fourth degree assault the State must prove, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, the defendant assaulted another. RCW 9A.36.041(1). Three definitions of criminal assault are recognized in Washington: (1) an attempt, with unlawful force, to inflict bodily injury on another person; (2) an unlawful touching of another with criminal intent; and (3) putting another in apprehension of harm, with or without the intent or capacity to inflict the harm. *State v. Walden*, 67 Wn. App. 891, 893-94, 841 P.2d 81 (1992). Because there

are no overlapping elements in the crimes for which Kindsvogel was charged, the acts underlying the assault and possession charges do not constitute a single criminal episode.

The trial court properly rejected Kindsvogel's motion to dismiss because the two convictions were not subject to a mandatory joinder and the State's subsequent prosecution of Kindsvogel for possession of marijuana did not therefore violate CrR 3.3.

The Court of Appeals is reversed, and Kindsvogel's conviction for possession of marijuana is affirmed.

ALEXANDER, C.J., and JOHNSON, MADSEN, IRELAND, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.