208 P.3d 1291 (2009)
STATE of Washington, Respondent,
v.
James Ryan KENYON, Appellant.
No. 37435-8-II.
Court of Appeals of Washington, Division 2.
June 16, 2009.
*1292 Dana M. Lind, Nielsen Broman & Koch PLLC, Seattle, WA, for Appellant.
Edward P. Lombardo, Mason County Prosecuting Attorney's Office, Shelton, WA, for Respondent.
QUINN-BRINTNALL, J.
¶ 1 James Kenyon appeals his recent conviction for first degree unlawful possession of a firearm, stemming from acts he committed in 2004.[1] He was previously convicted of possessing the same firearm in 2005[2] and, on appeal, he argues that the trial court erred when it denied his motion to dismiss his recent charge under CrR 4.3.1.[3] Because that rule requires dismissal of a subsequent charge for an offense related to a prior conviction, we agree with Kenyon. Accordingly, we vacate Kenyon's judgment and sentence and remand with directions that the trial court dismiss with prejudice the unlawful possession of a firearm charge under Mason County Superior Court cause no. 07-1-00339-8.

FACTS
¶ 2 On October 14, 2004, Kenyon and his girl friend, Destiny Meehan, attempted to elude a pursuing police vehicle because they both had outstanding arrest warrants. During the car chase, Kenyon surreptitiously threw his 9 mm Smith & Wesson semiautomatic pistol out the window to avoid police catching him with the firearm, as he is a felon who is not allowed to possess firearms. Police arrested Kenyon later that day. Kenyon called Meehan from jail and convinced her to retrieve the gun from the side of the road. The jail recorded the phone call.
¶ 3 Around June 30, 2005, Kenyon tried to sell several firearms, including a 9 mm Smith & Wesson. On August 3, 2006, the State charged Kenyon with seven counts of first degree unlawful possession of a firearm; count I was for possessing the 9 mm Smith & Wesson in 2005, but he was not charged with unlawfully possessing the weapon in October 2004. State v. Kenyon, 143 Wash.App. 304, 306, 310, 177 P.3d 196 (published in part), review granted, 164 Wash.2d 1013, 195 P.3d 88 (2008); State v. Kenyon, 143 Wash.App. at 314, 177 P.3d 196. Meehan testified that the Smith & Wesson that Kenyon was charged with possessing in 2005, was the same gun that he had thrown out of a car window and that she had retrieved in 2004. Kenyon, 143 Wash.App. at 311, 177 P.3d 196. The jury found Kenyon guilty on count I, and we affirmed the conviction on appeal. Kenyon, 143 Wash.App. at 309, 177 P.3d 196; Kenyon, 143 Wash.App. at 314, 177 P.3d 196.
¶ 4 On July 12, 2007, the State charged Kenyon with possessing the 9 mm Smith & Wesson on October 14, 2004. Before trial, Kenyon moved for dismissal under CrR 4.3.1, arguing that the State was required to prosecute that charge during the previous trial. The trial court denied the motion to dismiss. Following a bench trial, the trial court found Kenyon guilty of first degree unlawful possession of a firearm and sentenced him to 101 months of confinement. The trial court specified that this confinement must be consecutive to Kenyon's sentence for the 2005 firearm possession convictions.
¶ 5 Kenyon appeals.

ANALYSIS
¶ 6 Kenyon argues that the trial court erred when it denied his CrR 4.3.1 motion to dismiss for failure to join related offenses in the prior trial. The State argues that it has discretion to decide when to file criminal charges subject only to the statute of limitations. We agree with Kenyon.
¶ 7 The State has discretion to decide whether to prosecute cases, but this discretion is not unfettered. Generally, the criminal rules disfavor delaying the filing of criminal charges and provide that the State *1293 may file all "related offenses" in one charging document. For example, CrR 4.3(a)(1) provides for joinder of separately charged offenses when the offenses are of the same or similar character, even when they are not part of a single scheme or plan. This rule allows for the joinder of multiple counts in a single prosecution. It does not grant the State authority to arbitrarily delay the filing of otherwise ripe charges. For example, once joined under CrR 4.3(a), court rules provide that the offenses shall be consolidated for trial unless the trial court orders that they be severed pursuant to CrR 4.4. CrR 4.3.1(a).
¶ 8 Washington's courts previously addressed the failure to timely prosecute ripe offenses as a failure to join related offenses under the timely trial, CrR 3.3, and joinder, CrR 4.3, rules. See, e.g., State v. Harris, 130 Wash.2d 35, 921 P.2d 1052 (1996). But this analysis was replaced by the enactment of CrR 4.3.1. That rule provides:
A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense....[[4]] The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.
CrR 4.3.1(b)(3).[5] "Two or more offenses are related offenses, for purposes of this rule, if they are within the jurisdiction and venue of the same court and are based on the same conduct." CrR 4.3.1(b)(1). Offenses that are thus related must be charged together or they will be subject to dismissal under CrR 4.3.1(b)(3). Under that rule, a trial court must grant a motion to dismiss made before the second trial unless the State proves that (1) the prosecuting attorney did not previously file the charge because it was unaware of facts constituting the related offense or did not have sufficient evidence to try the offense, or (2) the ends of justice would be defeated if the motion were granted.
¶ 9 Here, at the first trial, the State relied on evidence of Kenyon's 2004 firearm possession to obtain a conviction on the 2005 firearm possession charge, eliciting testimony from Kenyon's girl friend that he had the gun and threw it out the window while police pursued the couple in 2004. Kenyon, 143 Wash.App. at 311, 177 P.3d 196. As such, the charges were so closely connected that it was difficult to separate proof of the 2005 charge from evidence of Kenyon's possession of the weapon in 2004. This evidence was known to the prosecuting attorney and was clearly sufficient to prosecute Kenyon for the separate 2004 unlawful firearm possession charge at the same time it prosecuted him for the 2005 offense. The State does not point to anything other than prosecutorial discretion to justify its decision not to join these charges and try them together in 2006.
¶ 10 The State has acknowledged that it withheld filing the 2004 charge as a tactical maneuver, and it does not argue that the ends of justice would be defeated if the motion were granted. Instead of filing all the charges it could and offering to dismiss or reduce some charges if Kenyon pleaded guilty, as prosecutors routinely do, the prosecutor here withheld the 2004 charge and told Kenyon that it would file it after the first trial if he insisted on pleading not guilty. Although the prosecutor had the discretion to charge the offense if Kenyon decided not to accept the plea offer, under criminal joinder and timely trial principles, the prosecutor did not have the discretion to hold back the *1294 charge and file it only after completing the trial on the former charges.
¶ 11 Dismissing legitimately filed charges and refraining from timely filing charges for which sufficient evidence exists is a difference with distinction. Withholding a charge can result in an increased offender score and sentence because a sentencing court must tally an offender score at the time of sentencing, regardless of when the crime was committed. RCW 9.94A.525(5)(a)(i). Moreover, for most crimes (although not those for which Kenyon was charged), separate charges for which the defendant is found guilty would result in consecutive sentences rather than concurrent sentences. See RCW 9.94A.589(1)(a) (unless an exception applies, multiple current offenses run concurrently);.589(1)(c) (multiple convictions for first and second degree unlawful possession of a firearm must run consecutively). And separate charges mean that the trial court cannot hear all the evidence on both charges in order to rule on the issue of same criminal conduct. See RCW 9.94A.525(5)(a)(i). Further, failing to join ripe charges and to prosecute them sequentially would result in the imposition of consecutive sentences because the defendant has already been sentenced for his "prior" convictions. More fundamentally, failure to join charges results in the defendant being summoned into court multiple times and pursuing separate appeals.
¶ 12 Here, the parties dispute whether the 2004 and 2005 firearm possession charges are related offenses based on the "same conduct" under CrR 4.3.1(b)(1). The trial court held:
In this particular case, although the same firearm, identified by its serial number, was possessed on one occasion and allegedly possessed in this case on another occasion, those two time periods are eight months apart. They have intervening time where Mr. Kenyon was incarcerated both in jail and in prison. Certainly this could not be said to be a single criminal incident or episode.
The allegation is that Mr. Kenyon possessed this firearm, divested himself of it by throwing it out the window, and then at a later time regained it and possessed it again. The Court finds that this is not a situation where the facts amount to a related offense, because it is not a single criminal incident or episode.
Report of Proceedings at 25-26. Kenyon does not assign error to the facts that the court relied on and, accordingly, they are verities on appeal. State v. Hill, 123 Wash.2d 641, 644, 870 P.2d 313 (1994). Our task is to conduct de novo review of whether, on these facts, the trial court properly applied CrR 4.3.1 as a matter of law. State v. Kindsvogel, 149 Wash.2d 477, 480, 69 P.3d 870 (2003).
¶ 13 Here, the trial court erred when it denied Kenyon's CrR 4.3.1 motion to dismiss. Although the crimes are not the same criminal conduct for sentencing purposes under RCW 9.94A.525(5)(a)(i), they are of the same or similar character, and the State had the ability and opportunity to charge them in separate counts in a single information. CrR 4.3(a)(1).
¶ 14 The CrR 4.3.1 test for "related offenses" is not the same as that for same criminal conduct. RCW 9.94A.525(5)(a)(i). Our Supreme Court recently noted that offenses are related if based on the same physical act or actions, particularly where the charges are for the same crime. Kindsvogel, 149 Wash.2d at 483, 69 P.3d 870. The act upon which these two charges restownership, possession, or control of a single firearmis a "course of conduct" rather than a discrete act because that behavior takes place over a period of time rather than at one distinct moment. See CrR 4.3(a)(2); see also, State v. McReynolds, 117 Wash.App. 309, 338, 71 P.3d 663 (2003) (holding that possession and retention of stolen property is a course of conduct, while receiving, concealing, and disposing are identifiably discrete acts). "[W]hen a statute defines a crime as a course of conduct over a period of time, `then it is a continuous offense.'" McReynolds, 117 Wash.App. at 339, 71 P.3d 663 (analyzing "continuous offense" under double jeopardy doctrine) (quoting Harrell v. Israel, 478 F.Supp. 752, 754-55 (E.D.Wis.1979)).
¶ 15 Here, Kenyon was charged separately with possessing the firearm in 2004 and possessing *1295 the same firearm in 2005. But evidence of his 2004 possession was used to prove his possession of the same firearm in 2005. These offenses were related and, as such, should have been charged at the same time. See CrR 4.3(a)(1), (2). The trial court erred when it denied Kenyon's motion to dismiss the 2004 possession charge under CrR 4.3.1 because that rule requires dismissal of the second, artificially separated, prosecution unless the State supplies evidence that it was unaware of facts constituting the latter-charged offense or lacked sufficient evidence to try this offense at the same time it prosecuted the others, or that the interests of justice warrant separate trials. The State does not contend that it was unable to prosecute Kenyon with both the 2004 and 2005 unlawful possession charges during the first trial in 2006. Accordingly, under CrR 4.3.1(b)(3), the trial court was required to dismiss the improperly delayed charge.
¶ 16 We vacate Kenyon's judgment and sentence under Mason County Superior Court cause no. 07-1-00339-8 and remand with directions that the trial court dismiss with prejudice the 2004 firearm possession charges filed on July 12, 2007.
We concur: HOUGHTON, P.J., and HUNT, J.
NOTES
[1] Mason County Superior Court cause no. 07-1-00339-8.
[2] Mason County Superior Court cause no. 06-1-00041-2.
[3] Kenyon also argues that his recent conviction violates the double jeopardy prohibition of multiple prosecutions for the same unit of prosecution. We do not reach this issue because our CrR 4.3.1 ruling is dispositive.
[4] The rule also provides that the defendant waives this avenue for dismissal if he or she failed to move for consolidation as provided in CrR 4.3.1(b)(2). That rule requires a defendant to file a motion for consolidation if he "has been charged with two or more related offenses." CrR 4.3.1(b)(2). Kenyon was not required to move for consolidation under that subsection because the State did not charge him with the 2004 firearm possession until after it obtained a conviction for the 2005 firearm possession. See CrR 4.3.1(b)(2).
[5] A defendant may also file a request for a disposition under RCW 9.100.010 (Article III) to demand that the State proceed to prosecute all available charges or be foreclosed from doing so in the future.