IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48320-3-II |
| Respondent, | |
| v. | |
| DOUGNYL AKEANG, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — This appeal arises from Dougnyl Akeang's conviction of third degree theft. We hold that joinder of the third degree theft charge was not mandatory, and the trial court did not err when it did not dismiss sua sponte the theft charge. We also hold that Akeang did not receive ineffective assistance of counsel. Thus, we affirm his conviction.

FACTS

Just after midnight on January 3, 2015, a Safeway employee saw two men place liquor bottles under their jackets and exit the store without paying. Approximately 20 minutes later, Officer Andrew Bond responded to a shoplift that was in progress at a Walmart two miles away from where the theft had occurred at Safeway. A Walmart employee reported that the four suspects left the store and got into a green van, and the employee gave the license plate number to the police.

Officer Bond stopped the van. Akeang was the driver, Ranson Riklon was in the front passenger seat, and two passengers were in the back seat. One passenger told Officer Bond that they had stolen several bottles of liquor from Safeway before they went to Walmart. Akeang told Officer Bond that the liquor bottles were under the back seat of the van. Akeang was arrested.

Officer Eric Barry, who arrived to assist, informed Officer Bond that he could see a firearm beneath the driver's seat. The van was impounded. Officer Bond then contacted Safeway to confirm the theft. Officer Bond watched the security camera footage of the theft and recognized the suspects' clothing in the video as matching Akeang's and Riklon's. After obtaining a search warrant for the van, the officers located a 9mm handgun with a loaded magazine underneath the driver's seat.

Akeang was charged with one count of unlawful possession of a firearm and one count of unlawful possession of a stolen vehicle. Before the first trial, Akeang filed a motion in limine to exclude evidence of uncharged criminal conduct, including the theft from Safeway. The State objected, arguing that the theft was part of the res gestae[1] of the crimes charged. The trial court granted the motion to exclude.

During the first trial, Laurie Woloszyn, the owner of the van in question, testified that she discovered that the van and its keys were missing on January 2 or 3. She testified that she filed a stolen vehicle report six days later. She also testified that Riklon was an acquaintance and that he was at her house on the evening that her van disappeared. She testified that Riklon had driven her van before, but that he did not have permission to take the van that night. She also testified that she had never met Akeang.

The jury was unable to reach a verdict on either the unlawful possession of a firearm charge or the unlawful possession of a stolen vehicle charge and the trial court declared a mistrial. Immediately following the mistrial, the State notified the trial court that it would amend the

---

[1] "Res gestae," Latin for "things done," is a doctrine concerning the admissibility of evidence at trial. Black's Law Dictionary 1423 (9th ed. 2009); *See State v. Grier*, 168 Wn. App. 635, 644, 278 P.3d 225 (2012).

information to add a new charge of one count of third degree theft. Akeang objected, but did not

cite any authority for his objection. The trial court referred the case for re-arraignment. At the re-

arraignment hearing, the State filed a second amended information, dropping the charge of

unlawful possession of a stolen vehicle and adding one count of third degree theft.

When discussing the prior motion in limine ruling with the second trial court, the State

explained that

> at that time [of the first trial], Mr. Akeang was not charged with Theft in the Third
> Degree. It was something that had been referred to Puyallup Municipal Court. He
> subsequently was re-arraigned, and that charge was added.

I Verbatim Report of Proceedings (VRP) at 5. During the second trial and on Akeang's motion

for a CrR 3.5 hearing, the State told the trial court,

> When we did this first trial, because of the Municipal Court versus Superior Court
> concurrent jurisdiction, Mr. Akeang was not charged with the theft. I focused on
> the statements solely related to the crimes with which he was charged.

I VRP at 42. Officers Bond and Barry, Woloszyn,[2] and the Safeway employee all testified at the

second trial as to the above facts including the facts related to the theft charge. A jury found

Akeang guilty of third degree theft and acquitted him of unlawful possession of a firearm. Akeang

appeals.

## ANALYSIS

Akeang argues that the trial court erred by not dismissing sua sponte the charge of third

degree theft under the mandatory joinder rule, CrR 4.3.1. Br. of Appellant at 1. Akeang also

argues that his counsel was ineffective when he objected to, but failed to move to dismiss, the theft

---

[2] Woloszyn was unavailable for the second trial. Her testimony from the first trial was read to the jury in the second trial. III VRP at 162.

charge. Br. of Appellant at 1. The State argues that Akeang waived his right to mandatory joinder. We hold that Akeang did not waive his right but that joinder was not mandatory. Because joinder was not mandatory, Akeang's argument that his counsel was ineffective fails.

## I. STANDARDS OF REVIEW

We review a trial court's application of the mandatory joinder rule de novo. *State v. Kindsvogel*, 149 Wn.2d 477, 480, 69 P.3d 870 (2003). "A claim that counsel was ineffective is a mixed question of law and fact that we review de novo." *State v. Jones*, 183 Wn.2d 327, 338-39, 352 P.3d 776 (2015) (citing *Strickland v. Washington*, 466 U.S. 668, 698, 104 S. Ct. 2052, 80 L. Ed. 2d. 674 (1984)).

## II. MANDATORY JOINDER

CrR 4.3.1(b) makes joinder of "related offenses" mandatory. Two or more offenses are related offenses "if they are within the jurisdiction and venue of the same court and are based on the same conduct." CrR 4.3.1(b)(1). The "same conduct" is conduct involving "'a single criminal incident or episode.'" CrR 4.3.1(b)(1); *State v. Downing*, 122 Wn. App. 185, 190, 93 P.3d 900 (2004) (quoting *State v. Lee*, 132 Wn.2d 498, 503, 939 P.2d 1223 (1997)). Under CrR 4.3.1(b)(3), a defendant who has been tried for one offense is entitled to dismissal of a charge for a related offense unless he waived his right to consolidate the related offenses. The rule provides that the motion to dismiss "shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted." CrR 4.3.1(b)(3).

A. WAIVER

The State argues that Akeang waived his right to dismiss the theft charge under CrR 4.3.1(b)(2). Br. of Resp't at 4-6. The State argues that Akeang was on notice that he had been charged with third degree theft in Puyallup Municipal Court and failed to consolidate the charges as required by the rule.[3] Br. of Resp't at 4-6. We disagree.

A defendant waives his right to consolidate under CrR 4.3.1 by failing to move to consolidate when he has been charged with two or more related offenses with which he knew he was charged. CrR 4.3.1(b)(2). A defendant does not waive his right to mandatory joinder when he does not know that he will be charged later with a related offense. *State v. Dixon*, 42 Wn. App. 315, 317, 711 P.2d 1046 (1985); *State v. Kenyon*, 150 Wn. App. 826, 831 n. 4, 208 P.3d 1291 (2009).

Here, Akeang did not waive his right to consolidate. There is no evidence in the record that he had been charged with third degree theft or that he had notice of the theft charge until after the first trial. Thus, we hold that Akeang did not waive his right to mandatory joinder.

B. RELATED OFFENSE

Akeang argues that the three charges—unlawful possession of a firearm, unlawful possession of a stolen vehicle, and third degree theft—are related offenses for mandatory joinder and, thus, the third degree theft charge should have been dismissed under the mandatory joinder rule. Br. of Appellant at 7-10. We disagree.

---

[3] The State asserts that Akeang was charged in Puyallup Municipal Court for the third degree theft charge citing cause number 5z0032052. Br. of Resp't at 5, n.3.

Our Supreme Court has held that the "same conduct" for purposes of determining what offenses are "related offenses" for mandatory joinder under CrR 4.3.1 are offenses involving "a single criminal incident or episode," which are

> offenses based upon the same physical act or omission or same series of physical acts. Close temporal or geographic proximity of the offenses will often be present; however, a series of acts constituting the same criminal episode could span a period of time and involve more than one place, such as one continuous criminal episode involving a robbery, kidnapping, and assault on one victim occurring over many hours or even days.

*Lee,* 132 Wn.2d at 503-04. Crimes that are factually and legally distinct are not related offenses under CrR 4.3.1. *Kindsvogel*, 149 Wn.2d at 483-84.

Here, the three charges—unlawful possession of a firearm, unlawful possession of a stolen vehicle, and third degree theft—do not involve "a single criminal incident or episode." Instead, they involve separate incidents occurring at separate times, and involving different victims. The van and its keys were stolen on either January 2 or 3 from Woloszyn's driveway. On January 3, just after midnight, Akeang and Riklon were video-taped stealing alcohol from Safeway. After Officer Bond stopped the van later the same night, Officer Barry saw the handgun under the driver's seat. Woloszyn was the victim of the unlawful possession of a stolen vehicle charge; Safeway was the victim of the third degree theft charge; and the public at large was the victim of the charge of unlawful possession of a firearm. *State v. Haddock*, 141 Wn.2d 103, 110-11, 3 P.3d 733 (2000).

Finally, the charges of unlawful possession of a stolen vehicle and third degree theft require different elements of proof. RCW 9A.56.140; 9A.56.020. For the unlawful possession of a stolen vehicle charge, the State must prove beyond a reasonable doubt that the defendant knowingly

possessed a stolen vehicle. RCW 9A.56.068. For the third degree theft charge, the State must prove beyond a reasonable doubt that the defendant meant to deprive another of their property which has a value of no more than $750. RCW 9A.56.050.

Because these three charges did not involve a single criminal incident or episode, involved different victims, and are legally and factually distinct, mandatory joinder was not required under CrR 4.3.1. *Lee,* 132 Wn.2d at 503-04; *Kindsvogel*, 149 Wn.2d at 483-84. Thus, we hold that mandatory joinder was not required for the third degree theft charge. Accordingly, we hold that the trial court did not err when it did not dismiss sua sponte the third degree theft charge under CrR 4.3.1.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and the deficient performance resulted in prejudice to the defendant. *State v. Humphries*, 181 Wn.2d 708, 719-20, 336 P.3d 1121 (2014) (citing *Strickland*, 466 U.S. at 687-88). Performance is deficient if it falls "'below an objective standard of reasonableness.'" *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting *Strickland*, 466 U.S. at 688). The defendant bears the burden of establishing deficient performance and must overcome "'a strong presumption that counsel's performance was reasonable.'" *Grier*, 171 Wn.2d at 33 (quoting *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009)). A failure to demonstrate either deficient performance or prejudice defeats an ineffective assistance claim. *State v. Emery*, 174 Wn.2d 741, 755, 278 P.3d 653 (2012).

Immediately following the mistrial, Akeang's counsel generally objected to the addition of the theft charge, but not on mandatory joinder grounds. Trial 1 VRP at 99. Even if Akeang's

No. 48320-3-II

counsel had argued for dismissal based on mandatory joinder grounds, such a motion would have been futile because the trial court would have denied the motion because mandatory joinder was not required. Thus, Akeang's counsel was not deficient. Therefore, we hold that Akeang did not receive ineffective assistance of counsel.

CONCLUSION

We hold that joinder was not mandatory, and the trial court did not err in not dismissing sua sponte the theft charge. We also hold that Akeang did not receive ineffective assistance of counsel. Thus, we affirm his conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

JOHANSON, J.

8