# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  53646-3-II |
| Appellant, | |
| v. | |
| MARY THELMA WALKER, | PUBLISHED OPINION |
| Respondent. | |

WORSWICK, J.  — The State appeals an order dismissing Mary Walker's criminal charges with prejudice for a CrR 3.3 time for trial violation.  Walker was charged with one count of fourth degree assault in municipal court, and that court arraigned her and set a trial date.  The charge was eventually dismissed without prejudice so that Walker's charge could be refiled in superior court.  In superior court, on the day before the expiration of the time for trial period, the trial court reset the trial date well beyond the expiration date.  Walker did not object until seven days later, when she moved to dismiss with prejudice.  The trial court granted Walker's motion.  The State moved for reconsideration, which was denied.  We reverse and remand.

FACTS

I. CRIMINAL CHARGE AND MOTION TO DISMISS

In January 2018, Walker was charged with one count of fourth degree assault in Centralia Municipal Court after allegedly striking a child while babysitting. On February 13, Walker was arraigned in municipal court and pleaded not guilty. On August 28, rather than proceed to trial, the prosecutor moved to dismiss her charge without prejudice to allow for charging as a felony in superior court. On May 1, 2019, the State charged Walker with one count of third degree assault of a child based on the same conduct.[1] The trial court appointed counsel for Walker and allowed her to remain released on her personal recognizance.

The trial court arraigned Walker on May 30, which was one day before expiration of time for trial. Walker entered a plea of not guilty.

At the arraignment, the trial court incorrectly declared that the time for trial expiration date was August 28, and it set a trial date for August 19 at the request of the State. The trial court asked defense counsel if he agreed with the set trial date, to which counsel responded, "I[']ll be here." Verbatim Transcript of Proceedings (VTP) (May 30, 2019) at 3.

On June 6, seven days after the trial date was set, Walker filed a motion "formally object[ing]" to the August 19 trial date under CrR 3.3(d)(3) because the trial date violated the time for trial rule. Walker also filed a motion to dismiss with prejudice for the same reason.

The State conceded that May 31 was the time for trial expiration date, but it argued that Walker had no right to object after the expiration date because a motion to move the trial date

---

[1] In calculating time for trial, all pending "related charges" are included. CrR 3.3(a)(5). A "related charge" is "a charge based on the same conduct as the pending charge that is ultimately filed in the superior court." CrR 3.3(a)(3)(ii).

into the time for trial period was no longer possible. That is, the State argued that a defendant cannot object to a trial date for being outside of the time for trial period without simultaneously moving that the trial date be scheduled within the time for trial period. The State further argued that because the parties agreed at the May 30 hearing, which was within time for trial period, to set the trial date to August 19, the rules permitted an exclusion period making the trial date timely.

## II. HEARING ON MOTION TO DISMISS AND RECONSIDERATION

On June 26, the trial court heard Walker's motion to dismiss. The State argued that a defendant's right to object within 10 days of an improper trial date was inseparable from a motion to move the trial date into the time for trial period under CrR 3.3(d)(3). The State further argued that because Walker waited to object until after the time for trial date expired, she lost her right to object, and the otherwise impermissible trial date must be treated as the last allowable date for trial under CrR 3.3(d)(4).

Walker's counsel argued that he complied with a plain reading of CrR 3.3 by making an objection within 10 days of the trial-setting date, and that the impossibility of the trial court to move the trial date to within the time for trial period should not prevent his ability to object. Counsel argued that he had no obligation to make his objection at the May 30 hearing, that he deliberately did not agree to the trial date, and that it would have been against his client's interests to object at that time.

Walker's counsel further argued that just as the State had a choice of when to file charges and hold a hearing to set the trial date, Walker also could choose when to object, stating:

> On the 30th of May, when the court inquired of dates, I did not propose a date. When the court said the date, my response was—and I was particular—I will

3

be here that day. I did not agree to the date. . . . It's not my fault or my client's fault that initial trial setting occurred on the day before speedy trial ran out. That's clearly the state's issue.

. . . .

You know what the benefit is though, Judge. If somehow I object and we're within five days of speedy trial, there's an opportunity under [CrR 3.3](g) to get a cure period. And they've done that to me once.

. . . .

. . . They filed it on May 1. There's a lot of ways they could have done this but didn't. They waited until May 30th.

On May 30th we had the initial trial setting. Within 10 days, and that was clearly out of speedy trial, I objected under the rules and therefore preserved my client's right to object, and we're objecting right now. The [S]state agrees. We can't set it. . . .

Had I objected the day after we set it, they could have come in and used a cure period. But the rules allow me to wait and use the rules effectively, and I did. So they had no ability to use the cure period. There's no way to fix this. There's nothing for the court to do but dismiss this case with prejudice, because clearly it violated. There's no saving.[2]

VTP (June 26, 2019) at 9-12.

The trial court agreed with Walker and granted the motion to dismiss with prejudice. The trial court explained that under a plain reading of CrR 3.3, a defendant does not lose their right to object so long as the objection was made within 10 days of the trial setting date. The trial court stated that "[t]he fact that the [S]tate waited so long to file this that it could not be set within speedy trial does not eliminate the defendant's right to object." VTP (June 26, 2019) at 15. The

---

[2] In order to allow "'flexibility in avoiding the harsh remedy of dismissal with prejudice,'" CrR 3.3 provides a "'30-day buffer period'" for excluded periods and a "'one-time 'cure-period' . . . that allows the court to bring a case to trial after the expiration of the time for trial period.'" *State v. Saunders*, 153 Wn. App. 209, 220, 220 P.3d 1238 (2009) (quoting *State v. Flinn*, 154 Wn.2d 193, 199 n.1, 110 P.3d 748 (2005)); CrR3.3(b)(5), (g).

4

trial court reasoned that defense counsel's knowledge of when they could bring an objection did not matter as long as the objection was made within 10 days.[3]

The State filed a motion for reconsideration. In its brief supporting that motion, the State raised a new argument based on defense counsel's statements at the hearing that defense counsel had intentionally delayed their objection in order to make the violation of time for trial incurable, and thus they waived their right to object.

The trial court denied the State's motion for reconsideration in a one page order without stating its reasoning. The State appeals the trial court's orders granting Walker's motion to dismiss and denying the State's motion for reconsideration.

ANALYSIS

The State argues that the trial court erred when it granted Walker's motion to dismiss with prejudice for violations of CrR 3.3. First, it argues that the 10-day rule to object to a time for trial violation does not apply when there are fewer than 10 days left before the expiration of the time for trial period, citing *State v. Austin*, 59 Wn. App. 186, 796 P.2d 746 (1990). Second, it argues that Walker waived her right to object to the time for trial violation when defense counsel knowingly failed to advise the trial court that the date it set for trial was a violation of the time for trial rule. For the same reasons, the State argued that the trial court erred when it denied the State's motion for reconsideration.

---

[3] Although the trial court did not make any finding of fact regarding defense counsel's knowledge of a speedy trial violation on May 30, counsel's arguments at the hearing make clear that he was aware of the expiration of the speedy trial period violation on May 30, and chose not to disclose this information.

Walker responds that, under a plain reading of CrR 3.3(d)(3), she complied with the rule when she objected within 10 days of the trial setting date and that the incurability of the violation did not preclude her right to object. Walker also argues that defense counsel's knowledge of the time for trial violation as of May 30 is a question of fact not supported in the record on appeal.

We hold that the trial court erred when it granted Walker's motion because it relied on the erroneous legal conclusion that it did not matter if defense counsel knew the August 19 trial date was a violation of time for trial and nonetheless failed to advise the court. Accordingly, we hold that the trial court erred in granting the motion to dismiss the charge with prejudice and in denying the State's motion for reconsideration.

We review de novo a trial court's application of the time for trial rule to a particular set of facts. *State v. Kenyon*, 167 Wn.2d 130, 135, 216 P.3d 1024 (2009). We review a trial court's denial of a motion for reconsideration for an abuse of discretion. *State v. Englund*, 186 Wn. App. 444, 459, 345 P.3d 859 (2015).

Criminal defendants have a fundamental right to a speedy trial, secured by the Sixth Amendment. *Klopfer v. State of N.C.*, 386 U.S. 213, 223, 87 S. Ct. 988, 18 L. Ed. 2d 1 (1967). CrR 3.3, the time-for-trial rule, has the purpose of ensuring that a defendant's constitutional right to a speedy trial is effectuated. *State v. Ollivier*, 178 Wn.2d 813, 823, 312 P.3d 1 (2013). The rule provides that an accused out-of-custody defendant must be brought to trial within 90 days of arraignment. CrR 3.3(b)(2)(i), (c). A charge not brought to trial within the time for trial limit must be dismissed with prejudice and the trial court loses its authority to try the case, regardless of whether the defendant shows prejudice. *State v. Saunders*, 153 Wn. App. 209, 220, 220 P.3d 1238 (2009); *State v. Ross*, 98 Wn. App. 1, 5, 981 P.2d 888 (1999); CrR 3.3(h).

6

Here, the parties agree that May 31, 2019, was the expiration date of Walker's time for trial period. On May 30, one day before the expiration date, the trial court set a trial date that was in violation of the time for trial rule, but Walker did not object until seven days later. The question for us is whether Walker's objection was waived.

A.      *Timeliness of Objection under* State v. Austin

Relying on *State v. Austin*, 59 Wn. App. 186, 796 P.2d 746 (1990), the State argues that Walker's delayed objection was waived because she filed a written objection after the time for trial had expired. Walker urges this court not to follow *Austin*, arguing it contravenes a plain reading of CrR 3.3. We disagree with the State that *Austin* controls here.

A defendant's objection to a trial date set in violation of CrR 3.3 must be timely.

> A party who objects to the date set upon the ground that it is not within the time limits prescribed by this rule must, within 10 days after the notice is mailed or otherwise given, move that the court set a trial within those time limits. . . . A party who fails, for any reason, to make such a motion shall lose the right to object that a trial commenced on such a date is not within the time limits prescribed by this rule.

CrR 3.3(d)(3).

In the event a trial date is set outside the time allowed by CrR 3.3, but the defendant lost the right to object to that date because she failed to timely object, the trial date becomes the last allowable date for trial. CrR 3.3(d)(4).

In 2003, our Supreme Court amended the time for trial rule based on recommendations from the Washington Courts Time-for-Trial Task Force. *State v. George*, 160 Wn.2d 727, 737, 158 P.3d 1169 (2007). The task force was concerned about "the degree to which the time-for-trial standards [had] become less governed by the express language of the rule and more governed by judicial opinions . . . [that had] at times expanded the rules by reading in new

provisions."[4] Their final report recommended language to ensure CrR 3.3 was exhaustive and comprehensive in its plain meaning. For example, as a result, CrR 3.3(h) was amended to include, "No case shall be dismissed for time-to-trial reasons except as expressly required by this rule, a statute, or the state or federal constitution."

In *Austin*, Division One of this court upheld the trial court's denial of a motion to dismiss under CrR 3.3 when Austin objected at 4:15 p.m. on the day of expiration of the time for trial period. 59 Wn. App. at 200, 202. In that case, on July 12, which was the original trial date and the day before time for trial expired, the trial court continued the trial to July 14. *Id*. at 195. On July 13, defense counsel realized that the trial was improperly continued and objected to the trial date as being beyond the time for trial period. *Id*. at 195. Defense counsel's objection, the court reasoned, was too late, because it was filed "effectively after the speedy trial period had expired, since the trial could not have immediately begun." *Id*. at 200. The *Austin* court interpreted CrR 3.3 to hold that in such situations, when trial is set or reset with fewer than 10 days before the expiration of time for trial, the defense must object "in sufficient time for the trial to commence within the proper speedy trial period." *Id*. at 200. Otherwise, the time for trial objection is waived.[5] *Id.* at 200.

But *Austin* exceeds the plain meaning of CrR 3.3, which first provides that "[i]t shall be the responsibility of the court" to ensure a timely trial. CrR 3.3(a)(1). CrR 3.3(d)(3) does not

---

[4] WASHINGTON COURTS TIME–FOR–TRIAL TASK FORCE, FINAL REPORT B I. at ¶ 6 (Oct. 2002) (on file with Admin. Office of the Courts), available at http://www.courts. wa.gov/programs_orgs/pos_tft (last visited April 5, 2021).

[5] *Austin* was decided under former CrR 3.3(f)(2) (1986), but the operative language regarding the 10-day rule is the same as the current CrR 3.3 (d)(3).

state or imply that this responsibility changes when a trial date is set during the last 10 days before the expiration of the time for trial period. The implied waiver rule under *Austin* punishes unwitting defendants and unfairly relieves the court of its responsibility to ensure a timely trial is held. In *Austin*, the defendant moved at his first opportunity.

We disagree with *Austin* because it places the burden and responsibility on the defendant to ensure a timely trial where the rule expressly states otherwise. Thus, the State's argument that Walker waived her time for trial objection based merely on the timing of the objection fails.

B.      *Duty To Advise the Tribunal of Known Time for Trial Violation*

The State next argues that under *State v. Malone*, 72 Wn. App. 429, 864 P.2d 990, 994 (1994), and *State v. White*, 94 Wn. 2d. 498, 617 P.2d 998 (1980), Walker's knowing and deliberate failure to advise the tribunal of the time for trial violation at the time the trial date was set constitutes a waiver of her objection. The State argues that Walker's statements at the June 26 hearings prove that defense counsel knew of the time for trial violation when the trial date was set on May 30. Walker urges this court to not follow *Malone*, and alternatively argues that whether counsel knew of the time for trial violation is a question of fact for the trial court, and the trial court made no such finding. We agree with the State and hold that where a defense attorney knows of and fails to timely advise the trial court of a speedy trial violation, the objection is waived.

Although ultimate responsibility for ensuring compliance with the time for trial rule is with the trial court, primary responsibility for bringing the defendant to trial within the time for trial period is with the State. *State v. Wilks*, 85 Wn. App. 303, 309, 932 P.2d 687, *review denied*, 133 Wn.2d 1002, 943 P.2d 663 (1997). A defense attorney has a duty to protect a client's right

9

to a speedy trial. *Malone*, 72 Wn. App. at 433-34. "A defendant has no duty to bring himself to trial," *Barker v. Wingo*, 407 U.S. 514, 527, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), but defense counsel does bear some responsibility to assert the client's speedy trial rights and to assure compliance before the time for trial period expires. *State v. Carson*, 128 Wn.2d 805, 815, 912 P.2d 1016 (1998).

If at any point before the time for trial period expires defense counsel becomes aware that the trial date has been set in violation of time for trial rules, defense counsel has a duty as an officer of the court to so advise the court. *White*, 94 Wn.2d. at 502-03; *Malone*, 72 Wn. App. at 435. Additionally, defense counsel has an affirmative duty to "investigate those easily ascertainable facts that are relevant to setting the trial date within the speedy trial period." *Malone*, 72 Wn. App. at 435. Failure to uphold these duties constitutes a waiver. *Id*. at 435-36.

In *White*, our Supreme Court affirmed dismissal of a rape conviction when the trial date was erroneously set beyond the time for trial period and there was no indication defense counsel was aware of the time for trial violation when he failed to object. 94 Wn.2d at 503. The case in *White* was dismissed even though defense counsel did not inform the court at the trial setting that the date was six days beyond the speedy trial period. 94 Wn.2d at 498, 502. The *White* court reasoned that although an attorney's primary duty is to serve the client, an attorney is also an officer of the court, where he owes a duty of frankness and honesty under the Rules of Professional Conduct. 94 Wn.2d at 502. *White* explains that "[t]he selection of a proper trial date is a mutual task with ultimate responsibility in the court." 94 Wn.2d at 502. The *White* court addressed the apparent discord between defense counsel's duty to the client to obtain the best outcome for the client and counsel's duty as an officer of the court to not delay an objection

because "counsel best serves both his client and the adversary system by assuring compliance with the rule when trial dates are set." 94 Wn.2d at 502.

The *White* court explained that "[i]f at the trial setting defendant's counsel was aware that the trial date fixed was beyond the 60-day limit, he had a duty to so advise the court." *White*, 94 Wn.2d 502-03. In affirming dismissal for White, our Supreme Court explained that defense counsel's knowledge of the error was germane to its holding: "Had we any indication counsel was in any way attempting to mislead the court or, in this instance that he recognized the court had fixed an erroneous date and remained silent, our view would be different." 94 Wn.2d at 503.

*Malone*, drawing from the shared duty of the court and counsel, expands on the notion that an attorney has a duty to inform the court of known errors in setting the trial date to include an affirmative duty to investigate "easily ascertainable facts" relevant to such an error. 72 Wn. App. at 435. In *Malone*, the trial court set the trial date beyond the time for trial limit. 72 Wn. App. at 432. The record was silent as to when defense counsel learned of this error, but the parties did not dispute that the information relating to the amount of time elapsed was easily available to counsel. 72 Wn. App. at 434. Division One of this court held that, because the defense counsel's objection was untimely, the objection was waived, reasoning that "[j]ust as defense counsel cannot wait to object to a known speedy trial violation until after the speedy trial period expires, defense counsel cannot wait to investigate easily ascertainable facts relevant to setting the correct trial date until after the speedy trial period expires." 72 Wn. App. at 435.

Here, the trial court erroneously concluded that defense counsel's knowledge of the time for trial violation was not germane to its decision to dismiss. Because the trial court relied on

11

this erroneous conclusion of law to make its decision, we hold that the trial court erred when it granted Walker's motion to dismiss with prejudice.

Walker argues that the record does not support a finding that defense counsel knew on May 30 that the trial date was beyond the time for trial limit. We disagree. Although the trial court made no specific finding of fact about what defense counsel knew, defense counsel's statements at the June 26 hearing are sufficiently clear for us to determine counsel's knowledge on May 30. Defense counsel stated that when he said, "I'll be here," in response to the trial court setting the erroneous trial date, he deliberately did not offer an express agreement to the trial date and that this was as a tactic to inhibit the State's ability to cure the error. Defense counsel stated that he was allowed to wait to object until after the time for trial rule violation became incurable, and that is what "[he] did." This is a plain admission that he knew on May 30 that the trial date was improper.

Defense counsel's failure to notify the trial court of the violation constitutes a waiver of the sort described in *White*. We agree with *Malone* that if defense counsel knows or should have known from easily ascertainable facts of a time for trial violation before the speedy trial period expires, he has a duty to raise the issue before the period expires to avoid waiver. Therefore, we hold that the facts clearly support that defense counsel knew of the time for trial rule violation and waived the objection by not raising the issue with the trial court.

CONCLUSION

In conclusion, we disagree that *Austin* controls here because it is the trial court's responsibility to conduct a timely trial. However, the record here shows that Walker's counsel

No. 53646-3-II

knowingly delayed objecting to the time for trial error, and thus waived Walker's objection. Consequently, the trial erred when it granted Walker's motion to dismiss. We reverse and remand.

_____
Worswick, J.

We concur:

_____
Lee, C.J.

_____
Glasgow, J.

13