# NOTICE:   SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
JULY 14, 2022

*González C.J.*
CHIEF JUSTICE

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 99813-2 |
| Respondent, | ) | |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| MARY THELMA WALKER, | ) | |
| | ) | Filed: July 14, 2022 |
| Petitioner. | ) | |
| | ) | |

JOHNSON, J.—This case concerns the interpretation of the time-for-trial rule, CrR 3.3. More specifically, this case involves CrR 3.3(d)(3), which states, "A party who objects to the date set upon the ground that it is not within the time limits prescribed by this rule must, within 10 days after the notice is mailed or otherwise given, move that the court set a trial within those time limits." A party who fails, for any reason, to make such a motion shall lose the right to object to the set trial date. We are asked to interpret CrR 3.3(d)(3) as it applies to the particular factual circumstances of this case, where the defendant objected to an untimely

*State v. Walker (Mary Thelma)*, No. 99813-2

trial date by filing a motion to dismiss within 10 days of trial setting but after the time-for-trial period had expired.

The trial court granted Walker's motion to dismiss with prejudice based on a violation of CrR 3.3. The Court of Appeals reversed and held that Walker waived the right to object to the trial date because, according to that court, defense counsel knew at the time of trial setting that the trial date set was untimely and failed to advise the trial court of the known time-for-trial violation. For different reasons, we affirm the Court of Appeals.

## FACTS AND PROCEDURAL HISTORY[1]

On January 17, 2018, the Centralia city prosecutor charged Mary Thelma Walker with fourth degree assault in municipal court for allegedly striking a child while babysitting. She was arraigned on February 13 and pleaded not guilty. On April 17 she waived her rule-based right to a speedy trial through June 11. When Walker failed to appear at a pretrial hearing on June 12, the matter was rescheduled for June 19. On June 19, Walker and her attorney appeared in court, and a new trial date was set for August 27. On August 28, the State moved to dismiss the

---

[1] Amicus curiae Washington Association of Criminal Defense Lawyers filed a brief in support of Walker.

*State v. Walker (Mary Thelma)*, No. 99813-2

municipal court charge so it could refile the charge in superior court. The municipal court granted the motion to dismiss without prejudice.

Eight months later, on May 1, 2019, the State filed an information in Lewis County Superior Court, charging Walker with third degree assault of a child based on the same incident described in the previous charge. At the arraignment[2] and trial setting hearing on May 30, the court determined the time-for-trial period expired on August 28. At the State's request, the court set the trial date for August 19. The court asked defense counsel if he agreed to the trial date. He responded, "I[']ll be here." Verbatim Tr. of Proceedings (May 30, 2019) (VTP) at 3. Defense counsel did not object to the trial date.

Seven days later, on June 6, defense counsel filed a "Motion and Declaration in Support of Motion to Dismiss" and an "Objection to Trial Date Pursuant to CrR 3.3(d)(3)." Clerk's Papers at 10-16. Defense argued that the time-for-trial period had actually expired on May 31 and requested dismissal of the charge with prejudice, citing CrR 3.3(b)(5) and (d)(3).

The trial court held a hearing on the motion. The parties agreed that the time-for-trial deadline was May 31.[3] The State objected to dismissal, arguing that

---

[2] Walker pleaded not guilty.

[3] The court is charged with the responsibility to "ensure a trial in accordance with this rule to each person charged with a crime." CrR 3.3(a)(1). Here, the court incorrectly calculated Walker's time-for-trial expiration date. It stated that the expiration of the time-for-trial period was August 28 but did not walk through its calculations to explain how it got to that date. VTP at

3

Walker lost the right to object under CrR 3.3(d)(3) because she raised the objection after the time-for-trial period expired, making it impossible to set the trial date within the time-for-trial period. Defense counsel countered that the objection was timely because it was made within 10 days of receiving notice of the trial date, notwithstanding the fact that it was no longer possible for the court to set a trial within the time-for-trial period. The court concluded the objection was timely because it fell within 10 days of receiving notice of the set trial date. The trial court dismissed the charge with prejudice based on the time-for-trial violation.

The State appealed. The Court of Appeals agreed with the trial court that a party has 10 days to object to an untimely trial date. However, it concluded that defense counsel knew at the trial setting hearing that the August 19 trial date was past the time-for-trial expiration date and held that counsel's failure to notify the trial court of a known time-for-trial violation constitutes a waiver of the defendant's right to object under CrR 3.3(d)(3). *State v. Walker*, 17 Wn. App. 2d 275, 287, 485 P.3d 970, *review granted*, 198 Wn.2d 1001 (2021). The Court of Appeals therefore reversed. Walker filed a petition for discretionary review with this court, and the State filed a cross petition for review. We accepted review of both petitions.

---

3. If the court had explained the steps it took on the record, it might have been easier to identify the error.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*State v. Walker (Mary Thelma)*, No. 99813-2

ANALYSIS

We review de novo the application of a court rule to a particular set of facts.

*State v. Kindsvogel*, 149 Wn.2d 477, 481, 69 P.3d 870 (2003). We interpret court

rules in the same manner as statutes, beginning with the plain language of the rule.

*State v. George*, 160 Wn.2d 727, 735, 158 P.3d 1169 (2007).

The language of the specific provision at issue here provides:

> A party who objects to the date set upon the ground that it is not
> within the time limits prescribed by this rule must, within 10 days
> after the notice is mailed or otherwise given, move that the court set a
> trial within those time limits. Such motion shall be promptly noted for
> hearing by the moving party in accordance with local procedures. A
> party who fails, for any reason, to make such a motion shall lose the
> right to object that a trial commenced on such a date is not within the
> time limits prescribed by this rule.

CrR 3.3(d)(3).

Both parties assert that the language of the rule is unambiguous and that we

should adopt its literal meaning. However, the parties take a piecemeal approach to

the language of CrR 3.3(d)(3). Walker argues that a party always has 10 days to

raise a CrR 3.3(d)(3) objection but that the objection does not need to be raised in

the form of a motion to set the trial within the time-for-trial period. The State

contends that a CrR 3.3(d)(3) objection can be raised only by a motion to move the

trial date. It also argues that this court should adopt the implied waiver rule from

5

the Court of Appeals' decision in *State v. Austin*[4] and hold that a party waives their

CrR 3.3(d)(3) objection if the trial setting procedure occurs within 10 days of the

time-for-trial expiration date.

The Court of Appeals agreed with Walker but erred in analyzing the

language of CrR 3.3(d)(3). The rule explicitly states, and repeats, that the CrR

3.3(d)(3) objection must be brought as a motion to the trial court to set the trial

within the time-for-trial time limit.[5] Therefore, the State is correct that CrR

3.3(d)(3) requires an objecting party to make the required motion within 10 days of

notice of the trial date.[6] An interpretation of the 10-day requirement that would

permit a party to make such a motion as long as it is filed within 10 days of

---

[4] 59 Wn. App. 186, 796 P.2d 746 (1990) (concluding former CrR 3.3(f)(2) (1986)—which is the same as the current CrR 3.3(d)(3) at issue here—does not apply when the trial setting procedure occurs fewer than 10 days before the expiration of the time-for-trial period).

[5] A party that objects to an untimely trial date under CrR 3.3(d)(3) "*must . . . move* that the court set a trial within those time limits. *Such motion* shall be promptly noted for hearing by the moving party in accordance with local procedures. A party who fails, for any reason, to *make such a motion* shall lose the right to object that a trial commenced on such a date is not within the time limits prescribed by this rule." CrR 3.3(d)(3) (emphasis added). The dissent's conclusion—that CrR 3.3(d)(3)'s language permits a party to file a motion to dismiss after the time-for-trial period has expired—is incorrect because it reads language into the rule that is not there. Dissent at 5.

[6] Because the sufficiency of a motion is determined by its contents and not by its technical format or language, there may be circumstances where a CrR 3.3(d)(3) objection is properly raised even where it was not brought as a motion to set the trial within the time-for-trial period. *See City of Kennewick v. Vandergriff*, 109 Wn.2d 99, 102, 743 P.2d 811 (1987); *State v. Chavez-Romero*, 170 Wn. App. 568, 582, 285 P.3d 195 (2012), *review denied*, 176 Wn.2d 1023 (2013) (concluding the defendant's oral CrR 3.3 objection was proper because it put the trial court on notice that the trial date it set was in violation of his time-for-trial rights and it sufficiently notified the court of the nature of the violation). However, this does not impact the conclusion that the CrR 3.3(d)(3) motion requirement functions to alert the trial court to a possible time-for-trial violation and move the court to correct any error in trial setting.

*State v. Walker (Mary Thelma)*, No. 99813-2

receiving notice of the trial date would result in absurd consequences: once the time-for-trial period has expired, it would make no sense for a party to move to "set a trial within" those expired time limits because the court can no longer grant that relief.

Therefore, once the time-for-trial period has expired, a party cannot object to the untimely trial date under CrR 3.3(d)(3) because it is no longer reasonably possible to comply with the rule's requirement to "object" in the prescribed manner, i.e., by moving to set the trial date within the time-for-trial period. This conclusion is further supported by the language of the final sentence of CrR 3.3(d)(3), which contemplates that any remedy under the rule will be lost if the party cannot comply "for any reason."

This plain language analysis also explains why we reject the reasoning of *Austin*, 59 Wn. App. 186. In *Austin*, Division One of the Court of Appeals embraced an implied waiver rule, concluding that former CrR 3.3(f)(2) (1986)[7] does not apply when the trial setting procedure occurs fewer than 10 days before the expiration of the time-for-trial period. In that case, Austin's trial was initially set for July 12. Then, on July 12, trial was reset for July 14. On July 13, Austin discovered that his time-for-trial period expired that same day and filed an

---

[7] The *Austin* ruling applied to the former rule CrR 3.3(f)(2), which is the same as the current CrR 3.3(d)(3) at issue here.

7

objection and a motion to dismiss. The trial court denied his motion to dismiss. The Court of Appeals affirmed, reasoning that under former CrR 3.3(f)(2), "the defense must notify the prosecutor and the court of its speedy trial objection in sufficient time for the trial to commence within the proper speedy trial period." *Austin*, 59 Wn. App. at 200. The court held that former CrR 3.3(f)(2) "does not apply to a trial setting procedure which occurs fewer than 10 days before the expiration of the speedy trial period." *Austin*, 59 Wn. App. at 200. Under *Austin*'s implied waiver rule, Walker would not have had the right to object to the untimely trial date under CrR 3.3(d)(3) at the time of trial setting because the trial date was set one day before the time-for-trial deadline.

The State argues we should adopt *Austin*'s implied waiver rule. Walker disagrees, highlighting that the rule contains no language suggesting the 10-day deadline does not apply if the trial setting occurs within 10 days of the time-for-trial expiration. The Court of Appeals below disagreed with the State's arguments and rejected the reasoning and conclusion in *Austin*. The court correctly reasoned that *Austin* wrongfully places the burden and responsibility on the defendant to ensure a timely trial when the rule expressly places that burden on the court. The Court of Appeals warned that *Austin*'s implied waiver rule "punishe[d] unwitting defendants" and unfairly relieved the court of its own responsibility in direct contravention of CrR 3.3(a)(1). *Walker*, 17 Wn. App. 2d at 284; CrR 3.3(a)(1) ("It

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

shall be the responsibility of the court to ensure a trial in accordance with this rule to each person charged with a crime."). The court concluded CrR 3.3(d)(3) neither states nor implies that this responsibility shifts to the defendant when a trial date is set during the last 10 days of the time-for-trial period.

We agree with the Court of Appeals below to the extent that it rejected *Austin*'s implied waiver rule. The language of CrR 3.3(d)(3) does not support *Austin*'s conclusion that a party waives an objection under CrR 3.3(d)(3) merely because the trial setting procedure occurred fewer than 10 days from the time-for-trial deadline. However, we disagree with the Court of Appeals' reliance on CrR 3.3(a)(1) to arrive at this conclusion because it ignores the language of CrR 3.3(d)(3). While the trial court is ultimately responsible for ensuring compliance with the time-for-trial rules, CrR 3.3(d)(3) places responsibility on the objecting party to raise a timely objection to an untimely trial date or lose the right to object. Thus, this procedural right is not self-executing and requires that a motion be filed to exercise it in accordance with the procedure outlined in the rule.

The dissent reasons that our interpretation leads to the absurd result of leaving a party with no recourse if the trial setting procedure occurs after the time-for-trial period has expired. Dissent at 4. However, it is important to note that our holding is limited to the factual circumstances of this case. Other situations may call for different analyses. For example, if the court fails to set a trial date at all,

and the time-for-trial period expires, a defendant may still obtain dismissal under the rules. *See State v. Raschka*, 124 Wn. App. 103, 106, 100 P.3d 339 (2004). In this case, however, the superior court complied with CrR 3.3(d)(1) by setting a trial date within 15 days of the arraignment, and the trial setting procedure occurred before the time-for-trial period expired. Thus, Walker had the ability to timely comply with the requirements of CrR 3.3(d)(3).

This interpretation of CrR 3.3(d)(3) is supported by other provisions of CrR 3.3.[8] Specifically, CrR 3.3(h) states that "[*n*]*o case shall be dismissed for time-to-trial reasons* except as *expressly* required by this rule, a statute, or the state or federal constitution." (Emphasis added.) Additionally, CrR 3.3(a)(4) instructs that

> [t]he allowable time for trial shall be computed in accordance with this rule. If a trial is timely under the language of this rule, but was delayed by circumstances not addressed in this rule or CrR 4.1, the pending charge *shall not be dismissed* unless the defendant's constitutional right to a speedy trial was violated.

---

[8] In 2003, we adopted revisions to CrR 3.3 based on the recommendations of the Time-for-Trial Task Force. One of the goals of the 2003 revisions was to reduce the number of cases dismissed with prejudice. The task force highlighted the heavy costs on society and the social sacrifices that are inherent in dismissals with prejudice. It was understood that a dismissal with prejudice is a harsh result that allows for crimes to go unpunished "even in those cases when evidence of the defendant's guilt is compelling." WASH. COURTS TIME-FOR-TRIAL TASK FORCE, FINAL REPORT II(C)(1) (Oct. 2002) (on file with Admin. Office of the Courts), https://www.courts.wa.gov/programs_orgs/pos_tft (last visited July 7, 2022). The adopted revisions furthered this goal. For example, CrR 3.3(a)(4) and (h) explicitly limit dismissal for reasons beyond those expressly stated in the rule. The dissent states that our reading of CrR 3.3(d)(3) does not align with the intent of the revised rule. It reaches this conclusion by focusing on the task force's expressed concern that the prior rule was governed by judicial interpretations and not by the express language of the rule. Dissent at 6. What the dissent overlooks is that a primary goal of the rule revisions was to limit judicial interpretation that *would allow for dismissal* for reasons beyond those expressly stated in the rule. *See, e.g.*, CrR 3.3(a)(4), (h).

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

(Emphasis added.) CrR 3.3(d)(3) does not provide the remedy of dismissal. CrR 3.3(d)(3) requires that the objection be brought as a motion to set the trial within the time-for-trial period. Thus, the language of the rule establishes that the remedy under CrR 3.3(d)(3) is the procedural right to compel the court to fix a time-for-trial error and to reschedule the trial date in compliance with CrR 3.3.

We hold that Walker lost the right to object to the untimely trial date under CrR 3.3(d)(3) because the trial date was set before the time-for-trial period expired but she failed to raise an objection until after the time-for-trial deadline expired.

We also hold that CrR 3.3(d)(3) does not contain an express knowledge requirement nor does it indicate that an attorney's knowledge of an untimely trial date bears on the defendant's right to object under CrR 3.3(d)(3). As discussed, the Court of Appeals erred in concluding that CrR 3.3(d)(3) permits a party to raise an objection once the time-for-trial period has expired. That conclusion led the Court of Appeals to perceive an "apparent discord between defense counsel's duty to the client to obtain the best outcome for the client and counsel's duty as an officer of the court to not delay an objection." *Walker*, 17 Wn. App. 2d at 285 (discussing *State v. White*, 94 Wn.2d 498, 503, 617 P.2d 998 (1980)). Balancing these two duties, the court concluded that the ethical duty of candor requires counsel to raise a known time-for-trial violation even if it works to the client's detriment by preventing the client from obtaining a dismissal because "'counsel best serves both

11

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

his client and the adversary system by assuring compliance with the rule when trial dates are set.'" *Walker*, 17 Wn. App. 2d at 285-86 (quoting *White*, 94 Wn.2d at 503). That court held that failure to raise a known violation constitutes a waiver of the ability to object under CrR 3.3(d)(3).

Our decision today resolves the apparent tension between the attorney's duties to the client and to the court in this situation. Under today's holding, there is *no detriment* to the client in raising the objection prior to the expiration of the time-for-trial period—because once the time-for-trial period expires in a situation like this, a defendant cannot obtain the remedy of dismissal under CrR 3.3(d)(3). We therefore disavow *White*, 94 Wn.2d 498, and *State v. Carson*, 128 Wn.2d 805, 912 P.2d 1016 (1996), to the extent that they suggest an attorney's knowledge of an untimely trial date bears on the defendant's right to object under CrR 3.3(d)(3).

CONCLUSION

We affirm the Court of Appeals and remand to the trial court for further proceedings.

*State v. Walker (Mary Thelma)*, No. 99813-2

_____
Johnson, J.

WE CONCUR:

_____
González, C.J.

_____
Gordon McCloud, J.

_____

_____
Yu, J.

_____
Owens, J.

_____
Montoya-Lewis, J.

_____
Stephens, J.

_____
Whitener, J.

*State v. Walker (Mary Thelma)*

No. 99813-2

MADSEN, J. (dissenting)—At issue in this case is the meaning of CrR 3.3(d), the time-for-trial rule. Subsection (3) of the rule states that *any* party who objects to a trial date on the ground that it is not within the time limits prescribed must "within 10 days after the notice is mailed or otherwise given, *move that the court set a trial within those time limits*." (Emphasis added.) If a party fails to make such a motion, they lose the right to object. CrR 3.3(d)(3).

Applying a plain language reading of the rule, the majority concludes that CrR 3.3(d)(3) requires not just that a defendant object within 10 days after a trial date is set but that the objection must occur before the time-for-trial period has expired or the right is lost. *See* majority at 6-7. I agree with the majority that the plain language of CrR 3.3(d)(3) resolves whether Mary Thelma Walker's time-for-trial objection was proper, but I disagree with its conclusion. By its terms, CrR 3.3(d)(3) requires a party to object to a trial date within 10 days and move the court to set a date within the limits of the rule. Importantly, the rule states that a party's *motion* must ask the court to set a timely trial date. CrR 3.3(d)(3) does not require, as the majority holds, that the objection *itself* occur

No. 99813-2
Madsen, J., dissenting

within the timely trial period. *See* majority at 7, 9. The majority reads in this requirement, contrary to our rules of statutory interpretation and its own disagreement with the implied waiver rule set out in *State v. Austin*, 59 Wn. App. 186, 796 P.2d 746 (1990). Majority at 7-9; *see also Kilian v. Atkinson*, 147 Wn.2d 16, 21, 50 P.3d 638 (2002) (courts may not read into a statute or court rule matters that are not in it); *State v. Greenwood*, 120 Wn.2d 585, 592, 845 P.2d 971 (1993) (citing *State v. McIntyre*, 92 Wn.2d 620, 622, 600 P.2d 1009 (1979) (stating that courts apply the same principles to interpreting court rules as applied to statutes)).

Further, the majority reasons that because CrR 3.3(d)(3) directs a party to move that a trial be set within the prescribed time limits, when such scheduling is impossible, the time-for-trial objection is lost. Majority at 6-7. Yet the plain language of subsection (d)(3) requires *only* that a party ask a court to set a date within the rules; that a court cannot practically do so does not mean the objecting party has violated the rule. As this very case shows us, sometimes setting a trial within the time-for-trial period is not possible. Fortunately, the rules do not hinge on an implicit timeliness requirement, as the majority holds. Rather, we should simply apply the plain language.

Indeed, the construction of CrR 3.3 further demonstrates the problem with imputing an implied waiver into subsection (d)(3). The time-for-trial rule was intended to be comprehensive. *See* TIME-FOR-TRIAL TASK FORCE FINAL REPORT II.B. (Oct. 2002) (on file with Admin. Office of the Courts), https://www.courts.wa.gov/programs_orgs/pos_tft/index.cfm?fa=pos_tft.reportDisplay&f

2

No. 99813-2
Madsen, J., dissenting

ileName=overview (last visited July 7, 2022).  The rule is specific and detailed, providing

intricate explanations for how the rule is intended to work in practice.  For example, CrR

3.3(g) states that the court "may continue the case beyond the limits" of the rule on a

motion of the court or party "made within five days after the time for trial has expired."

CrR 3.3(d)(3) allows a 10-day period for parties to alert the trial court of a time-for-trial

violation and states that for whatever reason, if a party does not make a motion within

that 10-day period, they lose the right to object.  Notably, the rule does *not* say a party

waives the right to object if the time for trial expires during the 10-day notice period.

Nowhere in CrR 3.3(d)(3) or elsewhere is a waiver stated or implied.  Given the

exhaustive and very detailed construction of the rule, had the rule-makers intended to

create a waiver, they would have included it.

I also depart from the majority because its interpretation of CrR 3.3(d)(3) leads to

strained and absurd results.  *Kilian*, 147 Wn.2d at 21.  If the majority's reading is correct,

defendants would forfeit their right to object if, as Walker points out, the State were

particularly "dilatory" in bringing them to trial.  Suppl. Br. of Pet'r/Cross-Resp't at 25.

For example, if all of the attorneys and the trial judge incorrectly calculate the time-for-

trial period and set a trial date *after* the time period has already expired, under the

majority's reading the defendant is without recourse—even though defense counsel may

alert the court of the violation within the 10-day period as CrR 3.3(d)(3) directs.  In this

circumstance, the 10-day motion period is rendered meaningless.  *See G-P Gypsum Corp.*

*v. Dep't of Revenue*, 169 Wn.2d 304, 309, 237 P.3d 256 (2010) ("'Statutes must be

3

No. 99813-2
Madsen, J., dissenting

interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.'" (internal quotation marks omitted) (quoting *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003))).

The time-for-trial rule cannot leave parties without any recourse when their rights are violated. This is especially true here, considering that the State is primarily responsible for seeing that a defendant is tried in timely manner and that the trial court is ultimately responsible for enforcing the speedy trial rule. *State v. Ross*, 98 Wn. App. 1, 4, 981 P.2d 888 (1999); CrR 3.3(a)(1) ("It shall be the responsibility of the court to ensure a trial in accordance with this rule to each person charged with a crime."). The majority opinion notes that the burden falls to the State and trial court to ensure a speedy trial but deemphasizes their responsibilities and overemphasizes that of the defendant. *See* majority at 9. Placing the burden of the rule so heavily on the defendant is also contrary to the rule itself. CrR 3.3(d)(3) does not specify that it is a defendant's duty to object; it allows *any party* to object and file a motion. The time-for-trial rule does nothing to switch the burden from the State to promptly bring a defendant to trial and the trial court to ultimately ensure that the rule is properly enforced.

Nor does the majority's reading align with the concerns of the 2003 Time-for-Trial Task Force, which was created to review and update the time-for-trial rules. The comments to the 2003 amendments to CrR 3.3 "encourage us to avoid judicial gloss on these rules." *State v. George*, 131 Wn. App. 239, 243 n.4, 126 P.3d 93 (2006). The comments explain that one of the task force's raison d'etre was to solve the "the degree to

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

which the time-for-trial standards [had] become less governed by the express language of the rule and more governed by judicial opinions" that had "at times expanded the rules by reading in new provisions." TIME-FOR-TRIAL TASK FORCE FINAL REPORT, *supra*, I.B, II.B. Imputing a timeliness or an implied waiver is not in keeping with the intent of the revised rules.

The majority focuses its analysis on giving trial courts the ability to fix impending speedy trial violations. *See* majority at 6-7. Instead, the majority should begin with the obvious conclusion—if the State completely misses the speedy trial expiration date and the five-day cure period, the only relief for the defendant under the rule is a trial date outside the required 60 or 90 days. *See* CrR 3.3(g), (b)(1)-(2), (c)(1). I cannot think of another rule where the more egregious the violation, the better the outcome for the violator. That is to say, if the State is *extremely* dilatory then the defendant has simply lost the benefit of the rule. The majority has nothing to say about this result, overlooking that this is our rule and our interpretation. The outcome here is not an unfortunate consequence, it is an intentional result.

The current version of CrR 3.3 arose in part from a situation where the prosecutor missed the speedy trial date and the case was dismissed. TIME-FOR-TRIAL TASK FORCE FINAL REPORT, *supra*, II.A.; *State v. Smith*, 104 Wn. App. 244, 250-53, 15 P.3d 711 (2001). The defendant reoffended after the dismissal, which caught the attention of the press. *See* TIME-FOR-TRIAL TASK FORCE FINAL REPORT, *supra*, II.A.; *e.g.*, Paul Shukovsky, *Man Held after Fatal Crash Pleads Not Guilty to Charges*, SEATTLE POST-

5

No. 99813-2
Madsen, J., dissenting

INTELLIGENCER, Jan. 14, 2002, https://www.seattlepi.com/local/article/Man-held-after-fatal-crash-pleads-not-guilty-to-1077405.php [https://perma.cc/2W5A-MECG].  This resulted in a change to the rule, which had previously been working well to keep criminal cases moving at an appropriate pace, recognizing the presumption of innocence of those awaiting trial.  *See* TIME-FOR-TRIAL TASK FORCE FINAL REPORT, *supra*, II.A.

Under today's ruling, the burden falls entirely on the defendant to bring themselves to a speedy trial.  *Cf. Barker v. Wingo*, 407 U.S. 514, 527, 92 S. Ct. 2182, 33 L. Ed.2d 101 (1972) ("A defendant has no duty to bring [themselves] to trial.").  Under the current rule, and today's interpretation, criminal defendants sit in jail for much longer periods, often pleading guilty because defendants cannot post bail.  *E.g.*, John Mathews II & Felipe Curiel, *Criminal Justice Debt Problems*, AM. BAR ASS'N, Nov. 30, 2019, https://www.americanbar.org/groups/crsj/publications/human_rights_magazine_home/economic-justice/criminal-justice-debt-problems/.  This consequence falls most heavily on people of color who are already overrepresented in the criminal justice system.  *Id.* ("Pretrial detention has a disproportionate impact on communities of color."); *State v. Blake*, 197 Wn.2d 170, 208, 481 P.3d 521 (2021) ("[T]he fact of racial and ethnic disproportionality in our criminal justice system is indisputable.").  At best the speedy trial rule has become hortatory, and the whole system suffers as a result—justice delayed truly is justice denied.

Instead, we should simply apply the plain language of CrR 3.3(d)(3), as our rules of statutory interpretation direct and the 2003 task force recommends.  Here, the parties

6

No. 99813-2
Madsen, J., dissenting

agree that Walker's time-for-trial period ended on May 31, 2019. Walker was arraigned on May 30 and speedy trial elapsed on May 31. The trial court incorrectly calculated the time period and set a court date for August 19. Seven days later, Walker's attorney objected to the date and moved to dismiss the charge with prejudice. The defense attorney's actions were entirely within the plain language of CrR 3.3(d)(3). Therefore, I would hold that Walker's objection was proper and that she did not waive her objection simply because it occurred outside the time-for-trial period.[1]

    With these considerations in mind, I respectfully dissent.

_____
Madsen, J.

---

[1] As the majority observes, CrR 3.3(h) precludes dismissal of cases "for time-to-trial reasons except as expressly required by this rule, a statute, or the state or federal constitution." *See* majority at 10 & n.8. It is understandable that the majority opinion, whose interpretation of CrR 3.3 has carried the day, characterizes the dissenting view as "overlook[ing]" one of the goals of the 2003 task force, codified in subsection (h), and allowing dismissal of Walker's case for a reason *other* than that stated in the rule. *See* majority at 10 n.8. But the majority and dissenting opinions disagree about the plain language of the rule. I would hold that a party who objected to the trial date and moved to dismiss the charge within 10 days of receiving notice of the trial abided by CrR 3.3(d) and thus dismissal was *expressly* allowed under this rule. *See* CrR 3.3(a)(4), (d), (h).